Douglas B. Provencher (77823)
PROVENCHER & FLATT LLP
823 Sonoma Avenue
Santa Rosa, CA 95404-4714
Telephone: (707) 284-2380
Facsimile: (707) 284-2387

Attorneys for Linda S. Green, Trustee

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br>**HARVEY ROBERT KLYCE**<br>　　　　Debtor. | Case No. 19-30207<br>Chapter 7 |
| **LINDA S. GREEN, Trustee in Bankruptcy,**<br>　　　　Plaintiff,<br>v.<br>**VANJA ELISABETH FLAK, NORWEGIAN STATE EDUCATIONAL LOAN FUND,**<br>　　　　Defendant. | A.P. No.<br>**COMPLAINT FOR:**<br>**1. AVOIDANCE AND RECOVERY OF INTENTIONAL FRAUDULENT TRANSFER**<br>**2. AVOIDANCE AND RECOVERY OF CONSTRUCTIVE FRAUDULENT TRANSFER**<br>**3. AVOIDANCE OF A PREFERENTIAL TRANSFER AND TURNOVER OF PROPERTY** |

Plaintiff alleges:

**JURISDICTION AND VENUE**

1. On February 25, 2019, the debtor, Harvey Robert Klyce filed a Chapter 7

1

proceeding in the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division. Linda S. Green is the Chapter 7 trustee assigned to this case. The trustee has standing to bring this action under 11 USC §§ 323, 544, 547, 548 and 550.

2. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 USC §§ 1334 and 157. Venue is proper under 28 USC § 1409.

3. This matter is a core proceeding as defined in 28 USC § 157(b)(2)(A), (b)(2)(f) and (b)(2)(h).

## PARTIES

4. Linda S. Green is Chapter 7 trustee in the Chapter 7 of Harvey Robert Klyce.

5. The defendant, Vanja Elisabeth Flak was the Debtor's spouse at all relevant times and is defined as an "insider" under 11 USC § 101(31).

6. The defendant, Norwegian State Educational Loan Fund ("NSELF") is the recipient of the alleged fraudulent transfer and preferential transfer ("Transfer").

## GENERAL ALLEGATIONS

7. To the extent that Plaintiff asserts claims under 11 U.S.C. § 544, Plaintiff is informed and believes and based thereon alleges that there exists in this case one or more creditors holding unsecured claims, who can avoid the respective Transfer under California or other applicable law.

8. On January 11, 2019, the Defendant, Flak, conveyed, for no consideration or insufficient consideration $21,000 of Community Property to the Defendant NSELF ("Transfer").

9. Plaintiff alleges neither the Debtor nor the Community Estate received consideration or sufficient consideration for the Transfer.

10. Plaintiff alleges the Defendant Flak made the Transfer with the intent to hinder, delay or defraud creditors of the debtor or the Community Estate.

11. The Debtor, Flak's spouse, filed Chapter 7 on February 25, 2019, 45 days after the Transfer.

## FIRST CLAIM FOR RELIEF
**(Avoidance and Recovery of Intentional Fraudulent Transfer pursuant to 11 USC §§ 544(b) and 550(a) and California Civil Code §§ 3439.04(a) and 3439.07)**

12. Plaintiff realleges and incorporates the allegations in paragraphs 1 through 11.

2

Case: 19-30207  Doc# 20  Filed: 10/29/19  Entered: 10/29/19 10:52:08  Page 2 of 5

13. Plaintiff alleges within the four years proceeding February 25, 2019 ("Petition Date") the Debtor's spouse and defendant Falk made the Transfer for the benefit of the defendants.

14. The Transfer by the Debtor's spouse and insider Flak was done with the intent, to hinder, delay or defraud the Debtor and the Community Property Estate's creditors.

15. The Transfer was made for no consideration or insufficient consideration for the $21,000 transferred.

16. The Transfer was for the benefit of the Debtor or an insider of the Debtor.

17. The Debtor and the Community Property Estate were insolvent at the time of the Transfer.

18, The Transfer was made with one year the entry of a judgment against the Debtor of $323,353 in litigation in the California Superior Court, San Francisco County.

19. At all relevant times, the Transfer was avoidable under California Civil Code Sections 3439.04(a) and 3439.07 by one or more creditors who held or hold unsecured claims against the Debtor. These creditors include, but are not limited to, those creditors who are listed in the debtor's schedules as holding undisputed claims or who have filed proofs of claim in the bankruptcy case.

20. The plaintiff-trustee is entitled to an order and a judgment under 11 USC §§ 544(b) and 550(a) that the Transfer is avoided.

## SECOND CLAIM FOR RELIEF
**(Avoidance and Recovery of Constructive Fraudulent Transfer pursuant to 11 USC §§ 544(b) and 550(a) and California Civil Code §§ 3439.04(b) or 3439.05 and 3439.07)**

21. Plaintiff realleges and incorporates the allegations in paragraphs 1 through 20.

22. Plaintiff alleges, that there are present creditors of the Debtor and the Community Estate that existed at the time of the Transfer that remain unpaid as of the Petition Date. Plaintiff alleges, that future creditors of the Debtor and the Community Estate existed following the Transfer who remain unpaid as of the Petition Date.

22. Plaintiff alleges by virtue of the Transfer (1) the debtor was insolvent at the time or became insolvent as a result of the Transfer; (2) the debtor was engaged or about to become engaged in a business or transaction for which his remaining assets were unreasonably small in relation to the business or transaction; or (3) the debtor intended to incur or believed or reasonably should have believed that he would incur debts beyond his

3

ability to pay as they became due.

23. At all relevant times, the Transfer was avoidable under California Civil Code Sections 3439.04(b) or 3439.05 and 3439.07 by one or more creditors who held or hold unsecured claims against the Debtor and the defendant, Vanja E. Flak that were or are allowable against the bankruptcy estate under 11 USC § 502. These creditors include, but are not limited to, those creditors who are listed in the debtor's schedules as holding undisputed claims or who have filed proofs of claim in the bankruptcy case.

24. The plaintiff-trustee is entitled to an order and a judgment under 11 USC §§ 544(b) and 550(a) that the Transfer is avoided.

## THIRD CLAIM FOR RELIEF
### (Recovery of Fraudulent Transfer or the Value of the Fraudulent Transfer pursuant to 11 USC § 550(a)

25. Plaintiff realleges and incorporates the allegations in paragraphs 1 through 24.

26. Plaintiff alleges the defendant, NSELF, is the immediate transferee of the Transfer and the defendant NSELF did not take such transfer for value or in good faith and without knowledge of the voidability of the Transfer.

27. The Transfer is recoverable from the defendant NSELF as the immediate transferee in that the Debtor or defendant Falk made the Transfer with the actual intent to hinder, delay or defraud her creditors.

28. To the extent the Transfer is avoided, the plaintiff may recover for the benefit of the estate $21,000.

## FOURTH CLAIM FOR RELIEF
### (Avoidance of Preferential Transfer 11 USC § 544(a)(3) and 11 USC § 547)

29. Plaintiff realleges and incorporates the allegations in paragraphs 1 through 28.

30. Within one year before the petition date, the Debtor or the Community Estate transferred to the Defendant, Falk and NSELF $21,000.

31. The transfer was made on account of an antecedent debt.

32. The transfer was made at a time the Debtor or the Community Estate were insolvent.

33. The transfer enabled the defendants Falk and/or NSELF to receive more than they would have if a Chapter 7 distribution had been made.

4

34. Plaintiff is entitled to an order avoiding the transfer pursuant to 11 USC § 547 and preserved for the benefit of the estate pursuant to 11 USC § 551.

**FIFTH CLAIM FOR RELIEF**
**(Turnover of Property of the Estate 11 USC § 542)**

35. Plaintiff realleges and incorporates the allegations in paragraphs 1 through 34.

36. Among the property of the bankruptcy estate is the $21,000 transferred to NSELF and for the benefit of the defendant, Falk, an insider.

37. Defendant NSELF is in possession of this property and defendant, Falk, received the benefit of the Transfer.

38. Plaintiff is entitled to an order compelling the defendants to turnover, account for and pay $21,000 to the Bankruptcy Estate for the benefit of the Chapter 7 creditors.

WHEREFORE, plaintiff asks for a judgment as follows against the defendants and each of them:

1. For a judgment avoiding the Transfer;
2. To the extent the Transfer is avoided, that the plaintiff recovers, for the benefit of the bankruptcy estate, $21,000;
3. For interest as permitted by law;
4. For costs of suit;
5. For any other relief deemed proper.

Dated: October 29, 2019             Provencher & Flatt LLP

                                    By   s/Douglas B. Provencher (77823)
                                         Douglas B. Provencher
                                         Attorneys for Trustee

5

PROVENCHER & FLATT LLP
ATTORNEYS AT LAW
823 SONOMA AVE.
SANTA ROSA, CA 95404
(707) 284-2380